UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Four Thousand Two Hundred
Seventy-Eight Dollars ($4,278)
in United States Currency, et al.,

        Defendants.
_____/

Case No. 12-10253

Honorable Sean F. Cox

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE
AND DENYING CLAIMANT'S MOTION AS MOOT**

This is a civil forfeiture action. The United States, as Plaintiff, brought this action against certain sums of currency that were seized from King Cole Foods, Inc. ("King Cole Foods") as part of an ongoing investigation into food stamp fraud in the Detroit, Michigan area. King Cole Foods, Inc., as well as its two shareholders, Salam and Ban Manni ("the Mannis" or "Claimants") have purportedly filed claims to the four sums of money at issue.

This matter is before the Court on Plaintiff's Motion to Strike Claims and Answer, For Entry of Judgment and Final Order of Forfeiture, and for Stay of Proceedings (Doc. #40) and Claimant King Cole Foods's Motion to Amend Statement of Interest (Doc. #44). The motions have been fully briefed by the parties, except Claimant King Cole Foods has yet to file a reply in support its motion. Nevertheless, the Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* E.D. Mich. Local Rule 7.1(f)(1). The Court therefore orders that the motions will be decided upon the briefs. For the reasons set forth below, the Court shall GRANT Plaintiff's motion to the extent that the Court shall

STRIKE the claims of Salam and Ban Manni for lack of Article III standing, DENY Plaintiff's Motion in all other respects, and DENY AS MOOT Claimant's motion.

## BACKGROUND

King Cole Foods, Inc. is a supermarket located in Detroit, Michigan. King Cole Foods, Inc. is owned by Salam and Ban Manni, and managed by Ghazi and Adil Manni. King Cole Foods, Inc. was authorized to accept food stamp benefits on June 7, 2005.

By 2010, United States Department of Agriculture ("USDA") Special Agents had begun an investigation into King Cole Foods, Inc.'s food stamp activity on the suspicion that it was engaging in food stamp benefit fraud. The Government claims that, over the course of several months, confidential informants and undercover Special Agents conducted numerous fraudulent food stamp benefit transactions, involving thousands of dollars of benefits, at King Cole Foods.

For example, King Cole Foods, Inc. (through Adil Manni, Ghazi Manni, or Salam Manni) would pay a food stamp beneficiary $200 for an Electronic Benefit Transfer ("EBT") card worth $400. King Cole Foods, Inc. would then redeem all $400 of the food stamp benefits, which would be deposited directly into one of the store's bank accounts. In total, from 2007 until 2011, the Government estimates that King Cole Foods, Inc. engaged in food stamp fraud to the tune of $5.3 million.

On September 20, 2011, agents executed a federal search and seizure warrant at several locations where some of the proceeds of King Cole Foods's fraud were believed to be held. Agents seized six sums of United States currency ("Defendant assets") from the locations searched.

The four Defendant assets presently at issue are:

1. Twenty One Thousand Six Hundred Forty Four Dollars ($21,644.00) in U.S. currency seized on or about September 20,

>           2011 from King Cole Foods;
>
> 2.      Forty Two Thousand Nine Hundred Four Dollars and Fifteen Cents ($42,904.15) seized on or about September 20, 2011 from Bank of Michigan Account XXXXXX232 owned by King Cole Foods;
>
> 3.      Fourteen Thousand Four Hundred Sixty Three Dollars and Three Cents ($14,463.03) in U.S. currency seized on or about September 20, 2011, from Bank of Michigan Account XXXXXX245, owned by King Cole Foods;
>
> 4.      Fifty-Nine Western Union Money Orders of Various Denominations Valued at $9,533.58, seized from King Cole Foods.

(Gvmt. Mo. at 3). There are two other Defendant assets that are not presently at issue.

The United States filed a Complaint for Forfeiture as to these Defendant assets on January 21, 2012 (Doc. #1). On February 21, 2012, Salam and Ban Manni filed claims, individually and on behalf of King Cole Foods, Inc., challenging four of the forfeitures. (Doc. #11, Doc. #12, and Doc. #13). The Mannis and King Cole Foods, Inc. also filed an answer to the complaint. (Doc. #18). On May 8, 2012, the case was partially stayed for six months pending resolution of a related criminal matter. (Doc. #24). The Court twice extended the stay; proceedings in this matter did not resume until December of 2013.

## APPLICABLE LAW

The Civil Asset Forfeiture Reform Act ("CAFRA")[1] governs this action. CAFRA provides, in part, that the United States may effect civil forfeiture of "any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A).

Eighteen U.S.C. section 1956 sets forth the definition of, and penalty for, certain money

---

[1] 18 U.S.C. § 981 *et seq.*

laundering activities involving the proceeds of "specified unlawful activity." 18 U.S.C. § 1956(a)(1). In turn, "specified unlawful activity" is defined to include "any felony violation of section 15 of the Food and Nutrition Act of 2008 [7 U.S.C.A. § 2024]." 18 U.S.C. § 1956(c)(7)(D). These statutes, taken together, provide that the Government may seize property that is involved in, or traceable to, a violation of the Food and Nutrition Act. Additionally, the Food and Nutrition Act provides that property involved in illegal benefit transactions is subject to forfeiture. 7 U.S.C. § 2024(e).[2]

An individual or entity may challenge the forfeiture of property by filing a claim pursuant to Supplemental Rule G, contained in the Federal Rules of Civil Procedure's supplemental rules for asset forfeiture actions. *See* 18 U.S.C. § 983(a)(4)(A) (directing a potential claimant to file a claim pursuant to Supp. R. G). Supplemental Rule G provides:

(a) Filing A Claim

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the

---

[2] 7 U.S.C. §2024(e), entitled "[f]orfeiture of property involved in illegal benefit transactions," provides that

The Secretary may subject to forfeiture and denial of property rights any nonfood items, moneys, negotiable instruments, securities, or other things of value that are furnished by any person in exchange for benefits, or anything of value obtained by use of an access device, in any manner contrary to this chapter or the regulations issued under this chapter. Any forfeiture and disposal of property forfeited under this subsection shall be conducted in accordance with procedures contained in regulations issued by the Secretary.

        property;

    (C)    be signed by the claimant under penalty of perjury; and

    (D)    be served on the government attorney . . . .

FRCP SUPP AMC Rule G(5)(a). A claim "need not be made in any particular form," 18 U.S.C. § 983(a)(2)(D), but it must be "made under oath, subject to penalty of perjury." 18 U.S.C. § 983 (a)(2)(C)(iii).

Prospective claimants have a short window of time to file a claim, the duration of which depends on the type of notice given by the Government. Here, the Government published notice on its internet government forfeiture website pursuant to Rule G(4)(a)(iv)(C). Thus, any and all claims must have been filed no later than sixty (60) days from the date of first publication, which was January 21, 2012. (Declaration of Publication, Doc. #10); *see also* FRCP SUPP AMC Rule G(5)(a)(ii)(B).

At any time before the trial, the Government may move to strike a claim or answer for failing to comply with Rule G(5) or G(6), or because the claimant lacks standing to challenge the forfeiture. FRCP SUPP AMC Rule G(8)(c).

## ANALYSIS

**1. Do Salam Manni and Ban Manni Have Article III Standing To Contest The Forfeiture of King Cole Foods's Assets?**

Both Salam Manni and Ban Manni have filed timely claims, asserting that they each have an individual interest in the four Defendant assets at issue here. The Government has moved to strike the claims of the Mannis because, according to the Government, they lack standing to challenge the forfeitures.

A person seeking to contest a forfeiture action has the burden of establishing that he or she

has both statutory standing and Article III standing to do so. *U.S. v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). Standing is a threshold issue in every federal civil forfeiture case. *U.S. v. Currency $11,331*, 482 F. Supp. 2d 873, 879 (E.D. Mich. Mar. 27, 2007), *citing U.S. v. 37.29 Pounds of Semi-Precious Stones*, 7 F.3d 480 (6th Cir. 1993).

Statutory standing is established simply by satisfying the requirements set forth in Supplemental Rule G for filing a claim. *Id.* To establish Article III standing, however, "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *Id.* Federal courts look to state law to determine whether a person has a colorable property interest under the civil forfeiture statutes. *U.S. v. Currency $11,331*, 482 F. Supp. 2d 873, 880 (E.D. Mich. Mar. 27, 2007), *citing U.S. v. Certain Real Property Located at 2525 Leroy Lane*, 910 F.2d 343, 347 (6th Cir. 1990).

### A. The Parties' Positions

It appears undisputed that the Mannis have statutory standing to challenge the forfeitures because they filed timely claims in compliance with Rule G. The parties disagree as to whether the Mannis have an interest in the Defendant assets such that they have Article III standing to challenge their forfeitures.

The Government argues that the Court should strike the claims of the Mannis because, as shareholders of King Cole Foods, neither one of them has a legal ownership interest in King Cole Foods's assets.

The Mannis respond that, as the only shareholders of the dissolving King Cole Foods corporation, they have the obligation to collect King Cole Foods's remaining assets and wind up its affairs. The Mannis maintain that failure to adequately dissolve the corporation could result in their

individual liability for the corporation's unsatisfied debts.

The Government replies that the Mannis have not come forth with any evidence that King Cole Foods is being dissolved or is "winding down." The Government further replies that King Cole Foods still holds title to its legal assets in dissolution, so the Mannis do not have a legal interest in the specific property at issue.

> **B.     The Mannis Do Not Have Article III Standing Because A Corporation's Shareholders Do Not Have An Ownership Interest In The Corporation's Specific Assets.**

Under Michigan law, it is well-settled that a corporation and its shareholders are different entities. *Flint Cold Storage v. Dep't. of Treasury*, 285 Mich. App. 483, 500 (2009), *quoting Montgomery v. Central Nat'l Bank & Trust Co. of Battle Creek*, 267 Mich. 142, 147 (1934). "An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets . . ." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). A shareholder has an equitable interest in the general holdings of the corporation, but does not have an interest in any specific assets that the corporation owns. *U.S. v. Real Property Associated with First Benef. Mortg. Corp.*, 2009 WL 1035233 at *3 (W.D. N.C. April 16, 2009). It follows that shareholders generally do not have Article III standing to contest the forfeiture of corporate property. *Id.*; *see also United States v. Two Bank Accounts Described as: Bank Account In amount of $197,524.99 Bank of Am., Seattle, Wash.*, 2008 WL 5431199 at *5 (D.S.D. Dec. 31, 2008) (holding that sole shareholder did not have Art. III standing.); *United States v. 479 Tamarind Drive, Hallandale, Fla*., 2005 WL 2649001 at *4 (S.D.N.Y. Oct. 14, 2005) (holding that a shareholder does not have standing to contest the forfeiture of any of the specific assets of that corporation.); *United States v. New Silver Palace Rest., Inc*., 810 F. Supp. 440, 443 (E.D.N.Y. Nov. 25, 1992) ("since shareholders are not legal owners or lienholders

of the corporation's assets, they lack standing to intervene to claim the sales proceeds of the *in rem* defendants."). Thus, the Mannis do not have Article III standing to challenge the forfeitures by virtue of their position as shareholders in King Cole Foods, Inc.

Even if the Mannis are in the process of dissolving the King Cole Foods corporation, the Court finds that they do not have an ownership interest in the corporation's assets. A shareholder does not automatically gain an ownership interest in corporate assets when dissolution begins. *See Flint Cold Storage*, 285 Mich. App. at 500 ("A dissolved corporation that has not yet completed winding up its affairs, may continue collecting its assets, and may continue to sue and be sued in its corporate name . . . in the same manner as if dissolution had not occurred." (citations and internal quotations omitted)). Rather, ownership of a dissolved corporation's assets only passes to its shareholders "once liquidation and winding up is complete and all creditors have been satisfied." *Id.* at 501.

Based on the foregoing, the Court shall GRANT Plaintiff's Motion to Strike the claims of Salam and Ban Manni (Doc. #11 and Doc. #12) for lack of Article III standing.

**2.     Has King Cole Foods, Inc. Filed A Claim Challenging Forfeiture Of The Seized Assets?**

The Government argues that the Court should enter final judgment and order of forfeiture against these four Defendant assets because, once the Mannis' claims are stricken, there are no other valid claimants challenging the forfeiture. Claimants respond that King Cole Foods, Inc. has filed a valid claim to the Defendant assets. The parties do not dispute that King Cole Foods, Inc. has Article III standing to challenge the forfeitures.

King Cole Foods, Inc. purports to have filed its own claim through its President, shareholder, and registered agent, Salam Manni. (Doc. #13). The Government argues that the

Mannis' claims "are not substantively those of King Cole Foods" because "the only claims asserted are the personal claims of shareholders Salam and Ban Manni." (Gvmt. Br. at 15).

The Mannis respond that King Cole Foods has filed a proper claim because Salam Manni's claim was filed "individually and on behalf of King Cole." (Resp. at 7). The Mannis argue that Salam Manni, as registered agent and President of King Cole Foods, Inc., has the authority to speak on the corporation's behalf. (Resp. at 8).

The Court concludes that King Cole Foods, Inc. has filed a claim in conformity with Rule G and 18 U.S.C. section 983. A claim need not be in any particular form; rather, it need only comport with the three content-based requirements. The Court finds that the statutory requirements have been met.

First, Rule G(5) and section 983 require that a claim identify the specific property claimed. King Cole Foods's claim identifies the four Defendant assets to which it claims ownership, in satisfaction of this requirement (Doc. #13).

Next, Rule G(5) and section 1983 require that the claim identify the claimant and state the claimant's interest in the property. In its claim, Salam Manni attests that "[t]he funds seized are related to the operation of King Cole Foods. I claim an individual interest as an owner of King Cole Foods, Inc. *and on behalf of King Cole Foods, Inc.* of the seized currency because I am an innocent owners of those assets." (Doc. #13, ¶ 6) (emphasis added). These paragraphs sufficiently identify King Cole Foods, Inc. as a claimant and owner of the seized currency.

Finally, the claim must be signed by the claimant under penalty of perjury. As a corporation, King Cole Foods, Inc. acts through its agents. *Edmonds v. Fehler & Feinauer Const. Co.*, 252 F.2d 639, 641 (6th Cir. 1958). It is true that an attorney may be considered an agent of a corporation

under certain circumstances. However, generally speaking, an attorney's signature does not fulfill a client's oath requirement because the oath must be made by a person with personal knowledge of the facts alleged therein. *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990). Thus, King Cole Foods, Inc. could only have filed a claim through, and signed by, one if its agents (i.e. Salam Manni); the fact that Salam Manni filed her claim "individually and on behalf of King Cole Foods" does not render King Cole Foods's claim null and void.

The Court is satisfied that King Cole Foods, Inc. has filed a claim challenging the forfeiture of the Defendant assets. Therefore, the Court shall DENY Plaintiff's Motion for Entry of Judgment and Final Order of Forfeiture.

## CONCLUSION

Based on the foregoing, the Court shall GRANT IN PART and DENY IN PART Plaintiff's Motion to Strike Claims and Answer, For Entry of Judgment and Final Order of Forfeiture, and for Stay of Proceedings (Doc. #40).

Plaintiff's Motion is GRANTED to the extent that the Court shall STRIKE the claims of Salam and Ban Manni (Doc. #11 and Doc. #12) for lack of Article III standing. Plaintiff's Motion is DENIED in all other respects.

The Court shall DENY AS MOOT Claimant King Cole Foods, Inc.'s Motion to Amend its Statement of Interest (Doc. #44).

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: July 14, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

Four Thousand Two Hundred
Seventy-Eight Dollars ($4,278)
in United States Currency, et al.,

       Defendants.
       _____/

Case No. 12-10253

Honorable Sean F. Cox

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2014, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager