UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Four Thousand Two Hundred
Seventy-Eight Dollars ($4,278)
in United States Currency, et al.,

        Defendants.
_____/

Case No. 12-10253

Honorable Sean F. Cox

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT *IN REM* $4,278 (Doc. #49)**

    This is a civil forfeiture action. The United States, as Plaintiff, brought this action against certain sums of currency that were seized as part of an ongoing investigation into food stamp fraud committed by King Cole Foods, Inc. in the Detroit, Michigan area.

    This matter is before the Court on Plaintiff's Motion For Summary Judgment as to Defendant *in rem* $4,278. (Doc. #49). The motion is unopposed, and the only two claimants to this piece of property, Gary Manni and Jacob Manni, withdrew their claims on September 19, 2014 (Doc. #62).

    The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* E.D. Mich. Local Rule 7.1(f)(1). The Court therefore orders that the motions will be decided upon the briefs. For the reasons set forth below, the Court shall GRANT Plaintiff's Motion For Summary Judgment (Doc. #49).

**BACKGROUND**

King Cole Foods, Inc. is a supermarket located in Detroit, Michigan. King Cole Foods, Inc.

is owned by Salam and Ban Manni, and managed by Ghazi "Gary" Manni and Adil Manni. King Cole Foods, Inc. was authorized to accept food stamp benefits on June 7, 2005.

By 2010, United States Department of Agriculture ("USDA") Special Agents had begun an investigation into King Cole Foods, Inc.'s food stamp activity on the suspicion that it was engaging in food stamp benefit fraud. The Government claims that, over the course of several months, confidential informants and undercover Special Agents conducted numerous fraudulent food stamp benefit transactions, involving thousands of dollars of benefits, at King Cole Foods.

On September 20, 2011, agents executed a federal search and seizure warrant at several locations where some of the proceeds of King Cole Foods's fraud were believed to be held. Agents seized six sums of United States currency ("Defendants *in rem*") from the locations searched. One of the Defendants *in rem* is $4,278 in United States currency that was seized from a residence located at 42840 Pondview, Sterling Heights, Michigan.

The United States filed a Complaint for Forfeiture as to these Defendant assets on January 21, 2012 (Doc. #1). On February 27, 2012, Jacob Manni and Gary Manni each filed a Claim to Defendant *in rem* $4,278. (Docs. #14 and 15). On April 12, 2012, Jacob Manni and Gary Manni each filed an Answer to the Complaint. (Docs. #20 and 21). On May 8, 2012, the case was partially stayed for six months pending resolution of a related criminal matter. (Doc. #24). The Court twice extended the stay; proceedings in this matter did not resume until December of 2013.

On April 18, 2014, Plaintiff's counsel served Plaintiff's First Set of Requests for Admissions on counsel for Claimants Jacob Manni and Gary Manni. (Dec. of Gjon Juncaj, attached to Pl. Mo. at Ex. A, at ¶ 5). The only request for admission sought to have Claimants "[a]dmit that Defendant Currency you claim is proceeds of food stamp fraud." (Attachment to Dec. of Gjon Juncaj, Pl. Mo.

at Ex. A). Pursuant to Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed served on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36 (a)(3). As of June 19, 2014, neither Jacob Manni nor Gary Manni, or their counsel, have responded to Plaintiff's requests for admissions. (Dec. of Gjon Juncaj, Pl. Mo. at Ex. A, ¶¶ 5-7).

On June 19, 2014, Plaintiff filed a Motion for Summary Judgment as to Defendant *in rem* $4,278. (Doc. #49). No one has filed a response in opposition to Plaintiff's motion. On September 9, 2014, this Court issued an Order for Jacob Manni and Gary Manni (the only claimants to Defendant *in rem* $4,278) to Show Cause why Plaintiff's Motion for Summary Judgment should not be granted. (Doc. #61). Neither Jacob Manni nor Gary Manni responded to the Order to Show Cause. Additionally, Jacob Manni and Gary Manni withdrew their claims to Defendant *in rem* $4,278 on September 19, 2014. (Doc. #62).

**STANDARD OF DECISION**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984) (quoting FED. R. CIV. P. 56(c)). "The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case*." LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). Moreover, the court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position

will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## ANALYSIS

**A)      Applicable Law**

The Civil Asset Forfeiture Reform Act ("CAFRA")[1] governs this action. CAFRA provides, in part, that the United States may effect civil forfeiture of "any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A).

Eighteen U.S.C. section 1956 sets forth the definition of, and penalty for, certain money laundering activities involving the proceeds of "specified unlawful activity." 18 U.S.C. § 1956(a)(1). In turn, "specified unlawful activity" is defined to include "any felony violation of section 15 of the Food and Nutrition Act of 2008 [7 U.S.C.A. § 2024]." 18 U.S.C. § 1956(c)(7)(D). These statutes, taken together, provide that the Government may seize property that is involved in, or is traceable to, a violation of the Food and Nutrition Act. The Food and Nutrition Act also provides that property involved in illegal benefit transactions is subject to forfeiture. 7 U.S.C. § 2024(e).[2]

---

[1] 18 U.S.C. § 981 *et seq.*

[2] 7 U.S.C. §2024(e), entitled "[f]orfeiture of property involved in illegal benefit transactions," provides that

> The Secretary may subject to forfeiture and denial of property rights any nonfood items, moneys, negotiable instruments, securities, or other things of value that are furnished by any person in exchange for benefits, or anything of value obtained by use of an access device, in any manner contrary to this chapter or the regulations issued under this chapter. Any forfeiture and disposal of property forfeited under this subsection shall be conducted in accordance with procedures contained in regulations issued by the Secretary.

**B)** **There Is No Genuine Issue Of Material Fact As To Whether Defendant *in rem* $4,278 Is Proceeds Of Food Stamp Fraud And Summary Judgment Is Warranted.**

Claimants have withdrawn their claims as to Defendant *in rem* $4,278. (Doc. #62). Thus, it is questionable whether Claimants would still have standing to contest Plaintiff's motion, which they have not done. Even so, Claimants have effectively admitted that Defendant *in rem* $4,278 is proceeds of food stamp fraud because they failed to respond to Plaintiff's request for admissions on that issue. FED. R. CIV. P. 36 (a)(3). The Court finds that there is no genuine issue of material fact as to whether Defendant *in rem* $4,278 is proceeds of food stamp fraud. Therefore, Defendant *in rem* is subject to civil forfeiture pursuant to CAFRA and the Food and Nutrition Act, and summary judgment in favor of Plaintiff is warranted. 18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 1956(c)(7)(D); 7 U.S.C. § 2024(e).

## CONCLUSION

Based on the foregoing, the Court shall GRANT Plaintiff's Motion for Summary Judgment (Doc. #49).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager